No. 12,559.

ROYSTON *v.* THE PEOPLE.
(289 Pac. 1077)

Decided June 9, 1930. Rehearing denied June 30, 1930.

Mr. BYRON ·G. ROGERS, Mr. FRANK C. BRYANT, for plaintiff in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE defendant, Howard L. Royston, was tried and convicted of the murder of A. N. Parrish, committed on May 23, 1928, and sentenced to hang. The crime was committed while defendant and three confederates, George J. Abshier, alias Bill Messick, Ralph Fleagle and Jake Fleagle were all engaged in the act of bank robbery.

Abshier, Royston and Ralph Fleagle were separately informed against and tried, and a verdict of first degree murder with punishment at death returned by the jury in each case. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081; *Fleagle v. People,* 87 Colo. 532, 289 Pac. 1078. These cases should be read in connection with each other for a full understanding.

Eye-witnesses to the robbery and murder at Lamar who testified in the Abshier and Fleagle cases also testified here, and the evidence in the present case also connects Royston with the crime from beginning to end, including the Colorado and Kansas incidents.

The defendant made a voluntary extrajudicial confession which was thereafter admitted in evidence at the trial without objection. Defendant admitted that he was a member of the party that robbed the First National Bank of Lamar on the 23rd day of May, 1928, and that the other members of the party were Ralph Fleagle, Jake Fleagle and Bill Messick (Abshier). Like Abshier, Royston claims that he did not kill anyone. The latter said in his confession that Ralph planned the robbery, that he first heard of it about three months before it occurred; that Ralph spoke about it and that it was discussed thereafter. That he afterwards got a letter from Jake Fleagle who said to come on and that the witness and Bill Messick "drove back here." Witness related in detail the plans and preparations for the robbery, its actual occurrence, how he was shot in the jaw, and other scenes of the crime in Colorado and the flight through Kansas, including the Kessinger and Weinenger incidents referred to at length in the Abshier opinion. It was corroborated

by other witnesses. Royston claims that his total share of the robbery was about $1,700 or $1,800. There are, of course, other important admissions in the testimony of Royston, but the general outline has been told in the Abshier case. The evidence in the three cases does not conflict in any material particular, but on the contrary substantiates each other. Royston was made conspicuous by his wound resulting from the shot fired by A. N. Parrish, and witnesses identified defendant in connection with scenes connected with the robbery shortly after its occurrence. Neither Abshier nor any of the Fleagles testified in the present case. The defendant offered no testimony.

The nature of the assignments of error in the Abshier and Royston cases are substantially alike. The briefs on behalf of the people and the defendants are almost word for word the same in both cases. There is nothing applicable to this case that has not been fully considered and discussed in the Abshier case. For these reasons, the statement of facts and our opinion on all law points discussed in the Abshier case will suffice for our reasons for sustaining the judgment against Royston.

The judgment of the district court is affirmed, and it is further ordered that said judgment be executed during the week ending July 19, 1930.